UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAHZIEL PINEIRO PAEZ, by
Next Friend Shastehte
Romero,

       Petitioner,

v.                                      Case No. 2:26-cv-938-JES-NPM

U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, et
al.,

       Respondents.
_____/

## OPINION AND ORDER

Before the Court is a 28 U.S.C. § 2241 petition for writ of habeas corpus filed by Shastehte Romero. (Doc. 1). Romero files the petition on behalf of Jahziel Pineiro Paez who is being detained by Immigration and Customs Enforcement at Florida Soft side South Detention Facility (Alligator Alcatraz). (Id.).

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. The latter part of this provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a person who, because of incompetence, is unable to initiate a habeas action himself. See Whitmore v. Arkansas, 495 U.S. 149, 162 (1990). But "'[n]ext friend' standing is by no means granted automatically[.]"

Id. at 163.  To demonstrate that "next friend" status is warranted, the would-be next friend must (1) provide an adequate explanation for the necessity of the designation, such as the real party's mental incompetence or lack of access to the courts and (2) show she is "truly dedicated to the interests" of the real party.  Id.

Romero has not met this standard.  There is no allegation that Jahziel Pineiro Paez is mentally incompetent or has been denied access to the courts.[1]  Because Romero does not demonstrate the propriety of "next friend" status, he lacks standing to initiate this action on Gambo Diaz's behalf.  See Francis v. Warden, FCC Coleman-USP, 246 F. App'x 621, 622 (11th Cir. 2007) ("Absent 'next friend' status, an individual lacks Article III standing to file a petition on another's behalf, thus stripping the district court of jurisdiction to consider the petition.").

In addition, while Rule 17(c) of the Civil Rules of Civil Procedure provides for certain representatives to sue on behalf of

---

[1] The petition appears to focus on Pineiro Paez's medical issues.  He is advised that release from custody is not generally an option for unconstitutional conditions of confinement.  See Fernandez v. United States, 941 F.2d 1488, 1494 (11th Cir. 1991) (holding that "[r]elease from confinement is not a possible remedy" for a prison conditions claim); Vaz v. Skinner, 634 F. App'x 778, 781 (11th Cir. 2015) ("Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law.").  To the extent Petitioner seeks relief under Zadvydas v. Davis, 533 U.S. 678 (2001), Petitioner must show that he has been detained, in aggregate, more than 180 days.

another, it does not confer on those representatives a right to act as legal counsel for somebody else. Romero does not claim to be a lawyer, and he cannot represent Pineiro Paez in this action. See Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008)(noting that although 28 U.S.C. § 1654 allows parties to conduct their own cases personally, that right "does not extend to the representation of the interests of others").

Accordingly, it is **ORDERED**:

1. The Petition (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment dismissing this case without prejudice, terminate any pending motions as moot, and close the case.

3.   The Clerk shall also mail Jahziel Pineiro Paez at Florida Soft Side South Detention Facility (Alligator Alcatraz) a copy of this Order and a 28 U.S.C. § 2241 petition for writ of habeas form (AO 242).

**DONE AND ORDERED** in Fort Myers, Florida on March 31, 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE


Copies:   Shastehte Romero, Jahziel Pineiro Paez
Encl:     Form AO 242- 28 U.S.C. § 2241 form

3